| | |
|---|---|
| 1 | HENRY G. RENDLER [State Bar #83704]<br>Attorney at Law |
| 2 | 1550 The Alameda, Suite 308<br>San Jose, California 95126 |
| 3 | Telephone: (408) 293-5112<br>Facsimile: (408) 293-4939 |
| 4 | henry@rendlerlaw.com<br>Attorney for Debtor |

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re:

Tammy Rae Foley, fdba
Bookkeeping Services, fdba
Innovative Business Services,
           Debtor.

SETERUS, INC. fka IBM LENDER
BUSINESS PROCESS SERVICES, INC.,
as servicer for Federal National Mortgage
Association, its successors and/or assigns,

           Movant,

vs.

Tammy Rae Foley, fdba
Bookkeeping Services, fdba
Innovative Business Services, Debtor

           Respondent.

Case No. 10-58069 ASW (11)

REF No. NLG-1

Date: September 14, 2011
Time: 2:15 PM
Judge: Hon. Arthur S. Weissbrodt
Room: Courtroom 3020
      280 South First Street
      San Jose, CA 95113-3099

## OPPOSITION TO THE MOTION FOR RELIEF FROM AUTOMATIC STAY

TO THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY JUDGE:

    Tammy Rae Foley, fdba Bookkeeping Services, fdba Innovative Business services, Debtor and Debtor in Possession herein (hereinafter, "Debtor") opposes the Motion for Relief from the Automatic Stay filed by SETERUS, INC., fka IBM LENDER BUSINESS PROCESS SERVICES, INC., as servicer for Federal National Mortgage Association, its successors and/or assigns, on the following grounds:

# THE MOTION IS FATALLY DEFECTIVE FOR ITS FAILURE TO INCLUDE THE ACCOUNT STATEMENT REQUIRED UNDER BANKRUPTCY LOCAL RULE ("BLR") 4001-1 (g).

1. BLR 4001-1(g) provides as follows:

*Inclusion of an account statement.*

*As to motions for relief from the automatic stay wherein the movant alleges that the debtor has failed to maintain post-petition payments on an obligation, the motion shall include a post-petition account statement and a declaration attesting to the statement's accuracy. Both documents shall be written in language comprehensible to a lay person, and shall include the following information:*

> *a. a description of the post-petition obligations that have accrued and are unpaid;*
> *b. all payments received post-petition;*
> *c. the date each post-petition payment was received;*
> *d. the date each post-petition payment was posted to the subject account, if different from the date received.*

*If, for any reason, the timing or amount of the last payment which fell due pre-petition is different from any payments which have accrued post-petition, the moving party must briefly state the reason for the change and whether the debtor was given written notice of the changed amount.*

*As to defaults in post-petition payments to a Chapter 13 trustee, a printout from the Chapter 13 trustee's on-line information system itemizing post-petition payments will suffice.*

> *(2) If the motion for relief from the automatic stay is based upon a failure to make pre-petition payments, then the requirements for an account statement referenced in paragraph (g)(1)(a) through (d) shall extend to all pre-petition obligations that have accrued and are unpaid.*

> *(3) If a moving party fails to comply with paragraphs (g)(1) or (2) of this rule, the Court may, in its discretion, impose such monetary or non-monetary remedies as it deems appropriate.*

2. The motion is fatally defective because it does not include the account statement. There is no description of the post-petition obligations that have accrued and/or are unpaid; there is no statement of payments received post-petition; there is no indication of the date each post-petition payment was received; further, the Motion fails to comply with BLR 4001-1(g) by failing to provide the same required information with respect to the alleged pre-petition defaults. There is no account statement, and no declaration by anyone attesting to the accuracy of any account statement.

3. Movant does submit a Declaration of Glen Gueringer. However, that Declaration is useless as well, because it simply purports to incorporate by reference the Relief from Stay Cover Sheet; the Relief from Stay Cover Sheet does not contain the required accounting. Debtor

requests that this Court impose monetary remedies for Movant's violation of paragraphs (g)(1)and (2) of BLR 4001-1 in the sum of at least 3 hours of attorney time, at attorney's normal hourly rate of $ 350.00/hour, for sanctions of $ 1,050.00

### MOVANT IS NOT THE REAL PARTY OF INTEREST FOR PURPOSES OF BRINGING A RELIEF FROM STAY MOTION

4. Movant claims to be a servicer for Federal National Mortgage Association, its successors and/or assigns ("Fannie Mae"). Although there is an assignment of the Deed of Trust showing a transfer from First Horizon Home Loans, a division of First Tennessee Bank, N.A., to Fannie Mae (Exhibit "3" to Motion), there is no evidence whatsoever submitted to prove that Movant, SETERUS, Inc., has any authority to bring this motion on behalf of Fannie Mae.

5. Finally, the Declaration of Mr. Gueringer indicates that it was made in Beaverton, Oregon, yet it claims to have been executed under the laws of the State of California ("Gueringer Declaration, 4: 22-27).

6. Based on the Movant's non-compliance with the Bankruptcy Local Rules, and the other defects in its Motion, Debtor has been forced to make its Qualified Written Request under RESPA to obtain to the requisite mortgage loan information. Debtor is hopeful that Movant will comply with its duties and acknowledge and answer the request, as required by Real Estate Settlement Procedures Act Section 2605(e). If Movant fails to comply with the Qualified Written Request under RESPA, then it is Debtor's intent to proceed with discovery, including, but not limited to, a deposition and request for production of documents concerning the above.

### CONCLUSION

The Motion is out of compliance with the Bankruptcy Local Rules as it does not include the required Account Statement under BLR 4001-1(g). Debtor asks that the Court impose monetary sanctions against Movant pursuant to BLR 4001-1(g)(3), in the sum of at least $ 1,050.00, based upon three hours of attorney time at $ 350.00 per hour. The Motion should be denied for lack of standing because Movant is not the real party in interest, but rather claims to simply be a servicing agent. There is no evidence of any servicing agreement to prove this capacity. The Motion should be denied, and the Court should enter such other and further relief as is just and proper.

Respectfully Submitted,

Dated: September 13, 2011

/s/ Henry G. Rendler
Henry G. Rendler, Esq., State Bar # 83704
Attorney for Debtor